Order Filed on October 17, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

MILSTEAD & ASSOCIATES, LLC
By: Andrew M. Lubin
Atty. ID: AL0814
1 E. Stow Road
Marlton, NJ 08053
(856) 482-1400
File No. 215342-4
Attorneys for Secured Creditor: Select Portfolio
Servicing, Inc. as servicing agent for U.S. Bank
National Association, as trustee, on behalf of the
holders of the CSMC Mortgage-Backed Pass-
Through Certificates, Series 2007-3

In Re:

Maria Vilmar Batista fka Maria Darrigo

Case No.: 16-12529-RG
Chapter 13

Hearing Date: October 3, 2018
Time: 10:30 a.m.

Judge: Rosemary Gambardella

## CONSENT ORDER RESOLVING
## CERTIFICATION OF DEFAULT

The relief set forth on the following pages, numbered two (2) through four (4) is hereby
**ORDERED.**

**DATED: October 17, 2018**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

Page (2)
Debtors Maria Vilmar Batista fka Maria Darrigo
Case No.: 16-12529-RG
Caption of Order:  CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT

Upon the filing of a certification of default by Milstead & Associates, LLC, Attorneys for the

Secured Creditor, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National

Association, as trustee, on behalf of the holders of the CSMC Mortgage-Backed Pass-Through

Certificates, Series 2007-3 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from

the Automatic Stay as to certain real property as set forth in the pleadings, and the parties, by and

through their respective counsel, having consented to the entry of this Order, and for good cause

shown, it is ORDERED as follows:

1.      The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force

and effect conditioned upon the terms and conditions set forth herein.

2.      Mortgagee is the holder of a mortgage which is a lien on real property owned by

Debtor known as and located at 222 Lafayette Ave Unit B, Cliffside Park, NJ 07010 (the

"Property").

3.      The parties certify that there is a post-petition delinquency which is to be cured

pursuant to the terms of this Consent Order, said delinquency consisting of the following:

| | |
|---|---|
| 8 Payments: 2/1/2018 – 9/1/2018 @ $2,529.49 | $20,235.92 |
| Suspense Balance | ($1,382.52) |
| **Total Post-Petition Arrears** | **$18,853.40** |

4.      Commencing on October 1, 2018, Debtor shall resume making regular monthly

mortgage payments currently in the amount of $2,529.49.

Page (3)
Debtors Maria Vilmar Batista fka Maria Darrigo
Case No.: 16-12529-RG
Caption of Order: CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT

5.    The total post-petition arrears in the amount of **$18,853.40** will be capitalized into and paid through the Debtor's Chapter 13 Plan. The parties acknowledge the Chapter 13 Trustee is holding non-exempt proceeds due to the sale of the Debtor's former property located at 451 Lawton Avenue, Cliffside Park, NJ, and that the Chapter 13 Trustee shall first apply the said non-exempt proceeds to paying unsecured creditors, prior to the non-exempt proceeds being used to pay other creditors.

6.    All payments are to be mailed to Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250.  Debtor shall reference the loan number on any and all payments made pursuant hereto.

7.    Secured Creditor is authorized to file an amended proof of claim to include the post-petition arrears amount.

8.    Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Consent Order shall change accordingly.

9.    In the event that Debtor is in default pursuant to the terms and conditions of this Consent Order for a period of thirty (30) days, or if any of the funds paid fail to clear for insufficient funds or are dishonored for any reason, Secured Creditor may send Debtor and Debtor's Counsel a written notice of default of this Consent Order.  If the default is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating any such payment(s) more than thirty (30) days in default.  In the event that a notice of

Page (4)
Debtors Maria Vilmar Batista fka Maria Darrigo
Case No.: 16-12529-RG
Caption of Order:  CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT

---

default is forwarded, it is agreed Secured Creditor may file a Certification of Default absent a

full cure.

10.    A copy of any Certification of Default and the proposed order must be served

upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court.  A

certificate of service shall be filed by counsel for Mortgagee evidencing same.

11.    In the event the instant bankruptcy case is converted to a case under Chapter 7,

Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from

the date of such conversion.  Should Debtor fail to cure said arrears within the ten (10) day

period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee

may send Debtor and Debtor's counsel a written notice of default.  If the default is not cured

within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification

of Default with the Court, upon notice to the trustee, Debtor, and Debtor's counsel, and the Court

shall enter an Order granting relief from the Automatic Stay as to the Property.

**CONSENT TO ENTRY OF THE ABOVE ORDER IS HEREBY GIVEN:**

/s/ Andrew M. Lubin                          /s/ Michael G. Boyd

---                                          ---

Andrew M. Lubin, Esquire                     Michael G. Boyd, Esquire
Milstead & Associates, LLC                   Attorney for Debtor
Attorneys for Mortgagee

Date: 10/2/2018                              Date: 10/1/2018